**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AMA ACQUISITIONS TRUST/ZARAK**
**O. ALI; TONI L. RANGELA AND AMOS**
**RANGELA,**

                                        **Plaintiffs,**

        **vs.**                                                    **16-cv-00244**
                                                                   **(MAD/TWD)**

**ARGENT MORTGAGE CO., LLC;**
**AMERIQUEST MORTGAGE CO.;**
**DEUTSCHE BANK NATIONAL TRUST**
**CO. ; and ALL PERSONS claiming any**
**legal or equitable right, title, estate, lien**
**or interest in the property described in**
**the Complaint adverse to Plaintiffs' title,**
**or any cloud on Plaintiffs' title thereto;**
**and DOES 1-100 inclusive**,

                                        **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**ZARAK O. ALI**
29 Maiden Lane # 402
Albany, New York 12207

**DUANE MORRIS LLP**                        **BRETT L. MESSINGER**
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Attorneys for Defendant Deutsche Bank
National Trust Company

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Plaintiffs commenced this action in New York Supreme Court of Saratoga County on

November 19, 2015 by the filing of a summons and complaint. *See* Dkt. No. 1 at 7-31.  On

February 29, 2016, Defendant Deutsche Bank National Trust Company ("Defendant") removed

the case to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1446(b). In the complaint, Plaintiff claims that Defendant violated the Truth in Lending Act ("TILA"), 28 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b), over which this Court has original jurisdiction. *See* Dkt. No. 1 at ¶¶ 92-103. Presently before the Court is Defendant's motion for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

## II. BACKGROUND[1]

On or some time prior to February 11, 2004, Toni L. Rangela acquired by deed the property located at One Railroad Avenue in Stillwater, New York (the "subject premises") for the price of $145,000. *See* Dkt. No. 1 at 91-92. Thereafter, but some time prior to July 5, 2006, Plaintiff Toni L. Rangela transferred ownership of the same property to herself and Plaintiff Amos Rangela for $1. *See id.* at 91. On April 12, 2006, together Plaintiffs Toni L. and Amos Rangela (the "Rangelas") executed a note and mortgage in favor Argent Mortgage Co., LLC, in the amount of $182,750 for a term of thirty years. *See id.* at 63-65, 79, 89. Plaintiffs allege in the complaint attachments that the promissory note and mortgage are currently held by Defendant as trustee. *See id.* at 81. By quitclaim deed made on July 22, 2015, the Rangelas transferred all rights, title, and interest held by them in the subject premises to AMA Acquisitions Trust only. *See id.* at 52. On July 22, 2015, the Rangelas then executed an irrevocable power of attorney in favor of AMA Acquisitions and Zarak O. Ali appointing them as their agent to sell, convey, or rent the subject premises, and, on November 18, 2015, they executed a limited power of attorney in favor of Zarak O. Ali and AMA Acquisitions to act to "[s]ecure, lease, litigate foreclosure,

---

[1] The factual background is derived from the allegations in Plaintiff's complaint, which are presumed to be true solely for the purposes of this motion.

defend foreclosure, remove lock boxes, litigate to quiet title, sell and negotiate short sale on the [subject premises]." *See id.* at 50-51.

This action was commenced alleging ten causes of action, including two violations of federal statutes. *See id.* at 7-29. Plaintiffs also filed a "complaint" for a temporary restraining order, injunction, and declaratory relief, and Plaintiffs filed a notice of lis pendens. *See id.* at 30-39. All three documents are signed by Zarak O. Ali, as limited power of attorney for Toni and Amos Rangela and as a Plaintiff Trustee (presumably of the AMA Acquisitions Trust). *See id.* at 29, 30, 38. Defendant moves to dismiss Plaintiff's action on the basis that Zarak O. Ali is not an attorney at law. *See* Dkt. No. 6.

### III. DISCUSSION

Defendant contends that Mr. Ali is not an attorney at law and, therefore, cannot represent a litigant in an action in New York Supreme Court or in this Court. *See id.* at 1-7. Accordingly, Defendant requests that Plaintiffs' action be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Rule 41"). *See id.* This Court takes judicial notice that Mr. Zarak is not an attorney licensed to practice law in the State of New York.[2] *See Attorney Search*, NEW YORK STATE UNIFIED COURT SYSTEM, http://iapps.courts.state.ny.us/attorney/AttorneySearch#search (last visited October 7, 2016). "Litigants in federal court have a statutory right to choose to act as their own counsel." *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (citing 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and

---

[2] Mr. Ali acknowledges that he is not at attorney but that he is attempting to represent AMA Acquisitions Trust as the trustee. *See* Dkt. No. 8 at 1-2.

conduct causes therein.")).[3]  "However, an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" *Id.* (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

"[*P]ro se* means to appear for one's self." *Iannaccone*, 142 F.3d at 558.  The "[p]rivilege is personal to him." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987).  In order to resolve whether a litigant is appearing for one's self, the Court must determine whether the case belongs to the plaintiff or to another.  *See Iannaccone*, 142 F.3d at 558 (citing *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976)).  Said another way, the question is whether the party seeking to represent himself *pro se* is a "person who by substantive law has the right sought to be enforced." *C.E. Pope Equity Trust*, 818 F.2d at 697.  It is well established that a "lay person may not represent a corporation or a partnership." *Iannaccone*, 142 F.3d at 558; *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (listing cases).  A trust is also an entity, such as a corporation or partnership, that cannot be represented by a *pro se* nonlawyer trustee.  *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) (holding that a nonlawyer trustee *pro se* "has no right to represent another entity, i.e., a trust, in a court of the United States."); *see also C.E. Pope Equity Trust*, 818 F.2d at 697; *Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259-60 (S.D.N.Y. 2007).

In this case, AMA Acquisitions Trust has quitclaim-deeded interests in the subject property from the Rangelas, and the Rangelas have executed powers of attorney in favor of Mr. Ali to represent their interests as described.  *See* Dkt. No. 1 at 52.  Also, Mr. Ali purports to be the

---

[3] Under New York Judiciary Law, it is unlawful for any natural person to practice as an attorney for a person other than himself in a court of record.  *See* N.Y. Judiciary Law §§ 478, 484.  In fact, violating Judiciary Law § 478 is a misdemeanor.  *See* N.Y. Judiciary Law § 485; *El Gemayel v. Seaman*, 72 N.Y.2d 701, 706 (1988).

trustee of the Trust. *See id.* "The ordinary trust is a device whereby the holder of the legal interest protects, conserves or manages property not for his own benefit but for the benefit of others." *United States v. Cooke*, 228 F.2d 667, 669 (9th Cir. 1955). Mr. Ali does not allege to have any interest beyond that of a trustee. The submitted papers do not allege that Mr. Ali has a personal interest in the subject property, and, therefore, he is not the party in interest seeking to enforce his rights. Similar to the trustee in *C.E. Pope Equity Trust*, Mr. Ali is the purported trustee of AMA Acquisitions Trust. As trustee, he has a fiduciary responsibility to the administration of assets of the Trust, but there is no claim that he is the beneficial owner of the claims being asserted by the Trust. *See* Dkt. No. 1. Mr. Ali's argument that Rule 17 of the Federal Rules of Civil Procedure permits his representation in this action has been specifically addressed and rejected in *C.E. Pope Equity Trust*, 818 F.2d at 698 ("Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*."). Accordingly, Mr. Ali is not permitted to represent the Parties to this action in this Court or the New York Supreme Court.

## IV. CONCLUSION

Defendant have not demonstrated any basis to grant their motion to dismiss the complaint, and, therefore its motion is denied without prejudice. However, AMA Acquisitions Trust may not proceed with its claims unless represented by an attorney admitted to practice before this Court, and the Rangelas may not proceed with their claims unless an appearance is made on their behalf in compliance with 28 U.S.C. § 1654. After review of the complaint, the complaint exhibits, the Parties' submissions, and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS**, *sua sponte*, that AMA Acquisitions Trust has **THIRTY (30) days** to obtain counsel and have that counsel appear in this action; and the Court further

**ORDERS**, *sua sponte*, that Toni L. Rangela and Amos Rangela have **THIRTY (30) days** to obtain representation as defined in 28 U.S.C. § 1654 and make an appearance in this action; and the Court further

**ORDERS**, *sua sponte*, that this action, including Plaintiffs' "complaint" for a preliminary injunction, is stayed for **THIRTY (30) days** or until Plaintiffs obtain representation as defined in 28 U.S.C. § 1654, whichever occurs first; and the Court further

**ORDERS** that Defendant Deutsche Bank National Trust's motion for an involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is **DENIED without prejudice**; and the Court further

**ORDERS** that, if Plaintiffs do not obtain counsel within **THIRTY (30) days**, Defendants may file a motion to dismiss for failure to prosecute and the Pre-Motion Conference requirement is waived for this purpose; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 14, 2016
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**